<u>**FOR PUBLICATION**</u>

<u>**UNITED STATES DISTRICT COURT**</u>
<u>**FOR THE DISTRICT OF NEW JERSEY**</u>

_____

:

DOUGLAS PALMER,                                    :

                                                   :

          Plaintiff,                               :

                                                   :          Civil Action No. 08-3066 (JAG)

          v.                                       :

                                                   :               **OPINION**

UNIVERSITY OF MEDICINE AND                         :

DENTISTRY OF NEW JERSEY,                           :

UNIVERSITY HOSPITAL, BARRY                         :

C. ESRIG, M.D., AND JOHN AND JANE                  :

DOES 1-20,                                         :

                                                   :

          Defendants.                              :

_____:

APPEARANCES:

Peter Bellew Bennett, Esq.
Giordano, Halleran & Ciesla, PC
125 Half Mile Road
P.O. Box 190
Middletown, New Jersey 07748

ATTORNEY FOR PLAINTIFF DOUGLAS PALMER

John James Peirano, Jr., Esq.
Donna duBeth Gardiner, Esq.
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1300 Mt. Kemble Avenue
Morristown, New Jersey 07962-2075

ATTORNEYS FOR DEFENDANTS/CROSS-CLAIMANTS UNIVERSITY OF MEDICINE
AND DENTISTRY OF NEW JERSEY, AND UNIVERSITY HOSPITAL

James Edward Patterson, Esq.
Graham Curtin, PA

Four Headquarters Plaza
P.O. Box 1991
Morristown, New Jersey 07962-1991

ATTORNEYS FOR DEFENDANT/CROSS-CLAIMANT/COUNTERCLAIMANT BARRY C. ESRIG, M.D.

**GREENAWAY, JR., U.S.D.J.**

This matter comes before the Court on the motion of Plaintiff, Douglas Palmer ("Plaintiff"), to remand all of his claims against Defendants, University of Medicine and Dentistry of New Jersey and University Hospital (collectively "UMDNJ"), and Barry C. Esrig, M.D. ("Esrig"), to the Superior Court of New Jersey.  (Docket Entry No. 5).  UMDNJ opposes the motion.  For the reasons stated below, this Court will grant Plaintiff's motion to remand, and will remand <u>sua</u> <u>sponte</u> the entire civil action.

## I.  BACKGROUND

Plaintiff brings this employment retaliation action under New Jersey's Conscientious Employee Protection Act ("CEPA"), N.J. STAT. ANN. §§ 34:19-1 to -8.  In his Complaint, Plaintiff alleges that, while he was employed with UMDNJ, he was assigned to supervise the medical billing and coding work for the Division of Cardiothoracic Surgery Group ("CTS").  Esrig and Leonard Schwartz ("Schwartz"), the CTS Administrator, supervised Plaintiff.  (Compl. ¶¶ 5, 7-8).  During his employment within CTS, Plaintiff discovered an improper billing practice.  (<u>Id.</u> at ¶ 13).  He brought his concerns to the attention of both Esrig and Schwartz, each of whom continuously directed him to ignore these billing practices.  (<u>Id.</u> at ¶¶ 13-14).  Plaintiff avers that he would have been fired if he had failed to follow their directions.  (<u>Id.</u> at ¶ 15).

In July 2006, Plaintiff contacted UMDNJ's Office of Labor Relations of the Department of Human Resources ("Office of Labor Relations") to report the improper billing practices, as

well as a hostile and retaliatory work environment created by Esrig and Schwartz.  (Id. at ¶ 23).
Esrig's alleged retaliation included threats, intimidation, and unwarranted disciplinary action
against Plaintiff.  (Id. at ¶¶ 25-30, 34, 40-43, 45-56).

Around that same time, Schwartz reprimanded Plaintiff for failing to bill a patient for
services despite Plaintiff's belief that an invoice was not warranted.  (Id. at ¶ 24).  These events
were the first of many that prompted Plaintiff to lodge complaints with the Office of Labor
Relations and UMDNJ's Office of Ethics and Compliance ("Office of Ethics and Compliance")
about the improper billing practices and retaliatory conduct of both Esrig and Schwartz.  (Id. at
¶¶ 31-33).

In August 2006, Plaintiff tendered his first of several resignations from his employment
because of the unlawful conduct of both Esrig and Schwartz.  (Id. at ¶ 36). Although Plaintiff
quickly rescinded his first resignation, (Id. at ¶¶ 37-39), Plaintiff eventually sought other
employment because he felt betrayed by UMDNJ management and feared further retaliation by
Esrig.  (Id. at ¶¶ 56-59).

On November 21, 2006, Plaintiff received an offer for a management position with a
cardiology group in Montclair, New Jersey.  (Id. at ¶ 60)  However, without his knowledge, on
December 7, 2006, Esrig spoke with Plaintiff's prospective employer, describing Plaintiff's work
performance as substandard.  (Id. at ¶¶ 65-67).  Later that day, Plaintiff's prospective employer
advised him that the offer of employment was withdrawn.  (Id. at ¶ 71).

Lacking other employment options, Plaintiff remained employed by UMDNJ.  (Id. at
¶ 73).  Yet, Esrig and Schwartz continued to harass and retaliate against him.  (Id. at ¶ 74).
UMDNJ also failed to keep Plaintiff informed about the status of its investigation into his

complaints.  (Id. at ¶75).  Ultimately, in March 2007, a representative of the Office of Ethics and Compliance advised Plaintiff that: "[t]he circumstances surrounding Plaintiff's allegations of retaliation were substantiated; [a]ppropriate action has been taken; and [t]he two (2) sources of retaliation 'no longer exist.'"  (Id. at ¶ 84).  Nonetheless, Esrig remained employed by UMDNJ. (Id. at ¶ 88).

From January 2007 through approximately May 2007, Plaintiff tendered his resignation two more times, citing the continued retaliation by Esrig and Schwartz, UMDNJ's stalled and ineffective investigation, and UMDNJ's failure to place Plaintiff in a comparable position with different supervisors.  (Id. at ¶¶ 73-78; 79, 83-91, 95-99).  On May 21, 2007, Plaintiff advised UMDNJ of his intent to file suit based on the alleged retaliation and harassment. (Id. at ¶ 96). Around the same time, Plaintiff requested a severance package from UMDNJ.  (Id. at ¶ 97). After UMDNJ failed to respond to his request, Plaintiff tendered his final resignation, claiming to have been constructively discharged.  (Id. at ¶¶ 99-100).

On August 23, 2007, Plaintiff filed a complaint in the Superior Court of New Jersey, Law Division, Essex County, against UMDNJ and Esrig.  In his complaint, Plaintiff alleges four separate causes of action in violation of New Jersey statutory and common law.  In his first count, Plaintiff alleges that after he disclosed the unlawful billing practices of UMDNJ, Esrig, and Schwartz, UMDNJ retaliated against him by terminating his employment in violation of CEPA.  In his remaining counts, Plaintiff asserts common law claims for slander, intentional infliction of emotional distress, and intentional interference with prospective economic advantage against Esrig.  These latter claims arise from Esrig's negative performance evaluation shared with Plaintiff's then prospective employer.

4

Both UMDNJ and Esrig filed answers and asserted cross-claims for contribution and indemnification.  Esrig also asserted counterclaims against Plaintiff for tortious interference with contract and tortious interference with prospective economic advantage, alleging Plaintiff made false statements about Esrig, including his alleged involvement in illegal activity.  (Esrig counter-claims ¶¶ 1-7).

On June 6, 2008, the Superior Court Judge granted Esrig's motion to amend his cross-claim and counterclaims.  On June 11, 2008, Esrig filed an amended answer, counterclaims and amended cross-claims against UMDNJ for: (1) indemnification; (2) contribution; (3) CEPA violation; (4) violation of the Constitution of the United States and 42 U.S.C. § 1983; and (5) violation of the New Jersey Constitution.

Esrig asserts indemnification and contribution cross-claims against UMDNJ should he be held liable to Plaintiff.  (Esrig's First & Second Cross-Claims).  Esrig's CEPA claim is based on his own alleged objections to UMDNJ's fraudulent scheme, whereby the hospital offered bribes to cardiologists in exchange for referring business to UMDNJ.  (Esrig's Third Cross-Claim ¶¶ 1-2).  Esrig alleges that UMDNJ retaliated against him because he objected to the illegal fraudulent activity and provided information to authorities investigating the fraud.  (Id. at ¶¶ 3-6).  Esrig's federal and state constitutional claims are based on his criticism of UMDNJ's administration. Esrig claims that UMDNJ terminated his employment in violation of his First Amendment rights of free speech and expression, as protected by the Constitution of the United States and the New Jersey Constitution and by 42 U.S.C. § 1983.  (Esrig's Fourth & Fifth Cross-Claims ¶¶ 2-5, 2).

On June 19, 2008, UMDNJ removed the pending state court action to this Court, pursuant to 28 U.S.C. § 1441(a)-(c). The basis of UMDNJ's removal is Esrig's cross-claim asserting a

5

violation of his First Amendment rights under the Constitution of the United States and 42 U.S.C. § 1983.  UMDNJ contends that this Court has original jurisdiction over this action, pursuant to 28 U.S.C. § 1331, and removal of the case from state court to this District is proper, under 28 U.S.C. § 1441(a)-(b).  (Notice of Removal ¶¶ 11, 14-15).  Additionally, UMDNJ claims that this Court may exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over Esrig's cross-claims arising under CEPA and the New Jersey Constitution.  UMDNJ asserts that these state law cross-claims stem from UMDNJ's alleged retaliation and wrongful termination based on Esrig's protected freedom of speech and expression – the same basis for Esrig's federal cross-claims.  UMDNJ further contends that Esrig's CEPA and state constitutional law cross-claims are so closely related to his federal constitutional cross-claim that they form part of the same case or controversy.  Accordingly, UMDNJ submits that these cross-claims are removable to this Court, pursuant to 28 U.S.C. § 1441(c).  (Notice of Removal ¶¶ 16-17).

On July 17, 2008, Plaintiff filed the instant motion to remand to state court.  UMDNJ opposes the motion.  Esrig has submitted no papers in connection with the merits of the motion.

## II. ANALYSIS

### A.  Legal Standard for a Motion To Remand

As a preliminary matter, a district court has subject matter jurisdiction to hear claims "arising under the Constitution, laws, or treaties of the United States," pursuant to 28 U.S.C. § 1331.  A claim brought in state court may be removed to federal court under 28 U.S.C. § 1441.  A party may seek to remand a civil action back to state court based on an alleged defect in the removal procedure, or lack of subject matter jurisdiction.  28 U.S.C. § 1447(c).  A party opposing remand must show that removal was proper.  Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111

6

(3d Cir. 1990), cert. denied, 498 U.S. 1085 (1991).  The Third Circuit has held that "the party

asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the

litigation, that the case is properly before the federal court."  Frederico v. Home Depot, 507 F.3d

188, 193 (3d Cir. 2007) (citing Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d

Cir. 2004)).  Thus, the Court must analyze whether the action was removable as pending in the

state court.  See 28 U.S.C. §§ 1441(a), 1446; see also United States Express Lines, Ltd. v.

Higgins, 281 F.3d 383, 389 (3d Cir. 2002).  Courts must narrowly construe section 1441 against

removal.  See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941).

**B.      Plaintiff's Motion to Remand**

On or about July 17, 2008, Plaintiff timely filed the pending motion to remand the instant

case to the Superior Court of New Jersey, pursuant to 28 U.S.C. § 1447(c).  According to

Plaintiff, remand of all his claims against UMDNJ and Esrig is proper.  Plaintiff asserts that his

claims are separate and independent of Esrig's cross-claim against UMDNJ, arising under federal

law, because they do not share a common nucleus of facts.  Accordingly, Plaintiff urges this

Court to remand only his claims, which arise from UMDNJ's alleged retaliation against Plaintiff

and Esrig's negative comments about Plaintiff to his then prospective employer.[1]

In opposition, UMDNJ, the removing party, maintains that it properly removed this

action, pursuant to 28 U.S.C. § 1441(b), because this Court has original federal question

jurisdiction over the case.  Specifically, UMDNJ asserts that Esrig's fourth cross-claim pleads a

---

[1] It is unclear from Plaintiff's motion papers whether he urges this Court to remand all of
the parties' affirmative claims and cross-claims, which are state law claims, except for Esrig's
federal cross-claim against UMDNJ (i.e., Esrig's fourth cross-claim).  This ambiguity is of no
moment as this Court will remand sua sponte the entire action because UMDNJ improperly
removed it, pursuant to 28 U.S.C. § 1441.

federal cause of action arising from the Constitution of the United States and section 1983.

UMDNJ further avers that 28 U.S.C. §1441(c) serves as an additional basis for removal because

Esrig's federal cross-claim is "separate and independent" from Plaintiff's non-removable main

claims.  In support of its position that a cross-claimant may remove an action, UMDNJ relies on

the cases in this district that hold third-party defendants may remove a case to federal court.

Finally, UMDNJ argues that this Court's retention of both the removable federal cross-claim as

well as the non-removable state law claims by all parties would promote judicial economy.

As a threshold matter, this Court must determine whether UMDNJ, as a defendant to a

cross-claim, has the right to remove the action.  This Court's analysis begins with 28 U.S.C.

§ 1441, which provides, in relevant part:

> (a)  Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. . . .

> (c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(a)-(c).

Undisputably, while Esrig's fourth cross-claim raises a federal question against UMDNJ,

the issue is whether a cross-claim may be the basis to remove a case to federal court under section 1441.  There is no uniformity among courts that have addressed this issue.  However, the majority of courts concur that cross-claimants may not remove an action to federal court under section 1441(a) and/or (c).  See, e.g., First Nat'l Bank of Pulaski v. Curry, 301 F.3d 456, 465 (6th Cir. 2002) (determining that section 1441(c) should be interpreted "narrowly to apply only to claims joined by the plaintiff in the original state court action."); Saeilo Mach., Inc. v. Hirdes Freight, Ltd., No. 00-777, 2000 WL 1205338, at *2-3 (C.D. Cal. Mar. 8, 2000) (adopting majority view that cross-defendants are not permitted to remove case); Lawyers Title Ins. Corp. v. Pioneer Nat'l Title Ins. Corp., 600 F. Supp. 402, 404-05 (D.S.C. 1984) (concluding that "[r]emoval is improper under § 1441(c) when the only removable claim is asserted by cross-claimants."); Killian v. Union L.P. Gas Sys., Inc., 568 F. Supp. 679, 680 (W.D. Mo. 1983) (within context of holding that cross-claim defendant may not remove only cross-claim, court noted majority of courts holding that section 1441(c) does not grant third-party or cross-claim defendants the right to remove but, "rather, applies only to separate and independent claims introduced by the plaintiff.").[2]

On the other hand, a minority of courts, hold that cross-claim defendants may remove a

_____

[2] Two of the leading treatises on federal civil procedure embrace this majority view among courts holding that a cross-claim defendant may not remove an action to federal court. See 16 JAMES WM. MOORE, FEDERAL PRACTICE §107.11[1][b][iii], at 107-33 to -34 (3d ed. 2008) ("First, applying the general rule that *defendant* means plaintiff's defendant precludes removal; a cross-claim is asserted by the co-party defendant, not the plaintiff.  Second, removal under Section 1441(c) has been limited to removal based on claims asserted by plaintiffs.  This view comports with the firmly embedded principle to construe narrowly the right of removal.") (internal citations omitted); 14C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3731, at 251-53 (3d ed. 1998) ("[T]he right of removal is further limited by the basic principle that defendants may remove only on the basis of claims brought against them and not on the basis of counterclaims, cross-claims, or defenses asserted by them.").

case to federal court.  See, e.g., Bartis v. City of Bridgeton, No. 06-1574, 2006 WL 3538802, at

*2 (E.D. Mo. Dec. 7, 2006) (finding federal counterclaim and cross-claim of defendants/cross-

claim plaintiffs became removable when the original plaintiff's claims against all

defendants/cross-claim parties were dismissed and, thus, cross-claim plaintiffs were only

plaintiffs remaining in case); Lannes v. Operators Int'l, No. 04–584, 2004 WL 2984327, at *9-11

(E.D. La. Dec. 20, 2004) (finding separate and independent federal cross-claim provides basis to

remove action under section 1441(c)).

       The Third Circuit has not addressed whether removal by a cross-claimant is proper.

Cases within this district, however, have addressed the issue of whether a third party defendant

may remove a case under section 1441(a) and/or (c).  UMDNJ relies on those cases following the

minority view that third-party defendants may remove under section 1441(c).  See, e.g.,

Hackensack Univ. Med. Ctr. v. Lagno, No. 06-687, 2006 WL 3246582, at * 4-5 (D.N.J. Nov. 3,

2006) (Judge Cavanaugh finding that third party claim may serve as basis for removal under

section 1441(c) but ultimately remanded because removal was impermissible absent "separate

and independent" indemnification and violation of ERISA third party claims);  Patient Care, Inc.

v. Freeman, 755 F. Supp. 644, 650-652 (D.N.J. 1991) (Judge Debevoise concluding that third

party defendant may properly remove "separate and independent" claim asserted against it to

federal court pursuant to section 1441(c), but ultimately remanding case because third party

claim for indemnification was not "separate and independent" claim).

       Unlike the present case, both Lango and Patient Care addressed removal of third party

complaints, which were preempted under Employee Retirement Income Security Act ("ERISA"),

29 U.S.C. § 10001, et seq., an exception to the "well-pleaded complaint" rule.  See Beneficial

10

Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003).

On the other hand, Judge Hayden and Chief Judge Gerry have followed the overwhelming weight of authority holding that a third party defendant may not remove a case to federal court under either section 1441(a) or (c).  See, e.g., Monmouth-Ocean Collection Serv., Inc. v. Klor, 46 F. Supp. 2d 385, 388-89 (D.N.J. 1999) (Judge Hayden adopting the report and recommendation of former Magistrate Judge Hedges who followed majority view that third party may not remove under § 1441);  Kaye Associates v. Bd. of Chosen Freeholders of Gloucester, 757 F. Supp. 486, 487-89 (D.N.J. 1991) (in context of removal based on diversity jurisdiction, Chief Judge Gerry concluding that third-party defendants have no right to remove under section 1441).  See also First Nat'l Bank of Pulaski, 301 F.3d at 465 (finding that third-party defendants may not remove under § 1441);  Lewis v. Windsor Door Co., 926 F.2d 729, 733 (8th Cir. 1991) (holding that § 1441(c) applies only to claims asserted by plaintiffs).

Against this judicial landscape, this Court addresses whether UMDNJ, as a cross-claimant, may remove this case under any provision of section 1441.

Here, UMDNJ's sole alleged basis of original jurisdiction is 28 U.S.C. § 1331, which gives district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  "It is not enough that a federal question is or may be raised as a defense.  '[T]he controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.'"  U.S. Express

11

Lines, Ltd., 281 F.3d at 389 (quoting Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808

(1986)) (internal quotations omitted).  See Franchise Tax Bd. of Cal. v. Construction Laborers

Vacation Trust for Southern Cal., 463 U.S. 1, 10-11, n.9 (1983).   Furthermore, the federal law

"must be in the forefront of the case and not collateral, peripheral, or remote."  Id. (quoting

Merrell Dow, 478 U.S. at 813 n.11).  See Gully v. First Nat'l Bank in Meridian, 299 U.S. 109,

112 (1936) ("To bring a case within the [federal-question removal] statute, a right or immunity

created by the Constitution or laws of the United States must be an element, and an essential one,

of the plaintiff's cause of action.").[3]

---

[3] The Supreme Court first articulated the "well-pleaded complaint rule" in Louisville & Nashville R.R. v. Mottley, 211 U.S. 149 (1908).  In that case, the Supreme Court explained that "a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution. It is not enough that the plaintiff alleges some anticipated defense to his cause of action, and asserts that the defense is invalidated by some provision of the Constitution of the United States." Id. at 152.  Such allegations may demonstrate that a question arising under the Constitution may develop during the course of the litigation.  Id.  Yet, they do not establish that the case, which is comprised solely of the plaintiff's claims, arises under the Constitution.  Id.  The "well-pleaded complaint" rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  Caterpillar Inc., 482 U.S. at 392.

For example, Merrell Dow involved a products liability suit against a manufacturer of the drug Bendectin.  The plaintiffs filed suit in state court.  478 U.S. at 805.  The corporate defendant removed the case, claiming that the plaintiffs' "well-pleaded complaint" raised a federal question.  Id. at 806.  Specifically, while the plaintiffs asserted a number of state law claims, the complaint alleged that one of the negligence claims was based on the corporate defendant's alleged promotion of Bendectin, in violation of the federal Food Drug and Cosmetic Act (FDCA).  Id. at 805-06.  Although the parties agreed that the plaintiffs had not asserted a federal claim under the FDCA, the defendant argued that the merits of the plaintiffs' state law claim alleging an FDCA violation necessarily turned on the federal question of whether the defendant had violated the FDCA.  Id. at 811, 813.  The Supreme Court disagreed with this contention, finding that the state law claim did not arise under federal law for purposes of federal question jurisdiction and removal.  More to the point, the Supreme Court concluded that the claimed violation of the FDCA as an element of the plaintiffs' state law claim was not sufficiently substantial as a federal issue present in the case to confer federal question jurisdiction.  Id. at 816-17.

The seminal Supreme Court case on this point is <u>Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.</u>, 535 U.S. 826, 830-830 (2002).[4]  In that case, the Supreme Court ruled that federal jurisdiction may not rest on a federal counterclaim, even when compulsory.[5]  Indeed, the Supreme Court rejected the respondent's argument that the "well-pleaded complaint" rule permits a counterclaim to serve as the basis for "arising under" federal patent law for purposes of 28 U.S.C. § 1338.[6]  Based on its own analysis of the "well-pleaded complaint" rule and its progeny, the Supreme Court concluded that "a counterclaim – which appears as part of the defendant's answer, not as part of the plaintiff's complaint – cannot serve as the basis for 'arising under' jurisdiction."  <u>Id.</u> at 831 (internal citations omitted).

The Supreme Court reasoned that "since the plaintiff is 'the master of the complaint,' the well-pleaded complaint rule enables him, 'by eschewing claims based on federal law, . . . to have the cause heard in state court.'"  <u>Id.</u> (quoting <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 398-99 (1987)).  In contrast, allowing a counterclaim to establish "arising under" jurisdiction "would leave acceptance or rejection of a state forum to the master of the counterclaim.  It would allow a

---

[4] Neither party discusses <u>Holmes Group</u> in their respective papers.

[5] Recently, the Supreme Court reiterated this holding in <u>Vaden v. Discover Bank</u>, – S. Ct. –, No. 07-773, 2009 WL 578636, at * 7-8 (Mar. 9, 2009) (within the context of analyzing a petition to compel a district court to order arbitration, pursuant to § 4 of the Federal Arbitration Act, the Supreme Court held that "a federal court may 'look through' a § 4 petition to determine whether it is predicated on an action that 'arises under' federal law; in keeping with the "well-pleaded complaint" rule as amplified in *Holmes Group*, however, a federal court may not entertain a § 4 petition based on the contents, actual or hypothetical, of a counterclaim.").

[6] The Supreme Court noted that "[s]ection 1338 uses the same operative language as 28 U.S.C. § 1331."  <u>Holmes Group, Inc.</u>, 535 U.S. at 829.  The Supreme Court further emphasized that "'[l]inguistic consistency' requires us to apply the same test to determine whether a case arises under § 1338(a) as under § 1331."  <u>Id.</u> at 830-31 (quoting <u>Christianson v. Colt Industries Operating Corp.</u>, 486 U.S. 800, 808 (1988)).

defendant to remove a case brought in state court under state law, thereby defeating a plaintiff's choice of forum, simply by raising a federal counterclaim." Id.  Additionally, "conferring this power upon the defendant would radically expand the class of removable cases, contrary to the '[d]ue regard for the rightful independence of state governments' that our cases addressing removal require."[7] Id. at 831-32 (internal quotation omitted).  Finally, the Supreme Court cautioned that "allowing responsive pleadings by the defendant to establish 'arising under' jurisdiction would undermine the clarity and ease of administration of the well-pleaded complaint doctrine. . . ." Id. at 832.  See, e.g., Chancellor's Learning Sys., Inc. v. McCutchen, No. 07-1623, 2008 WL 269535, at * 2 (N.D. Ohio Jan. 29, 2008) (relying on Holmes Group to find that federal claim contained in counterclaim cannot serve as basis for removal).

Proponents of removal have engaged in machinations to create removal jurisdiction, which directly conflict with the "well-pleaded complaint" rule.  In the context of third-party defendants, these proponents contend that important policy considerations warrant a third-party defendant's right to remove under section 1441.  First, denying removal based on the plaintiff's choice of forum ignores a third-party defendant's equally compelling right to defend itself against a federal claim in federal court.  Patient Care, Inc., 755 F. Supp. at 650; see Thomas v. Shelton, 740 F.2d 478, 490-91 (7th Cir. 1984) (Swygert, J., concurring in the judgment); Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury, 622 F.2d 133, 135 (5th Cir. 1980).  A related argument is that an unwarranted expansion of federal jurisdiction can be adequately protected by a district court exercising its discretion to "remand all matters not otherwise within its original

---

[7] A plaintiff who stands in a defensive posture to a counterclaim or a cross-claim is of no moment in a jurisdictional and removal analysis because federal courts must be guided by the "well-pleaded complaint" rule only.  See Shamrock Oil, 313 U.S. at 106.

jurisdiction." Patient Care, Inc., 755 F. Supp. at 650 (quoting 28 U.S.C. § 1441(c)).  See

Thomas, 740 F.2d at 490 (Swygert, J., concurring in the judgment).   Not only do such arguments

fly in the face of the "well-pleaded complaint" rule in federal question cases, but in Patient Care,

Judge Debevoise noted that "remanding non-removable claims in not unproblematic. . . ."  755 F.

Supp. at 650.[8]   Therefore, from a policy perspective, a district court's decision to retain

jurisdiction over federal claims contained in counterclaims, cross-claims, and third-party claims,

but remand non-removable state law claims, would not only hinder judicial economy but lead to

potentially inconsistent judgments.

Undertaking a "well-pleaded complaint" rule analysis, several other courts, including the

Fifth Circuit, have held respectively that cross-claimants, third-party claimants and

counterclaimants may not remove specifically under section 1441(c).  See, e.g., State of Texas by

and Through Bd. of Regents of the Univ. of Texas v. Walker, 142 F.3d 813, 816 n.2 (5th Cir.

1998) ("There has never been an assertion that a defendant could, by asserting an artful

counterclaim, render a case removable in violation of the well-pleaded complaint rule."); OSI

Educ. Servs., Inc. v. Albert, No. 07-3508, 2007 WL 3511884, at *4 n.4 (D. Minn. Nov. 13,

2007) ("[F]ederal questions asserted in counterclaims and third party claims do not satisfy the

well-pleaded complaint rule and thus provide no basis for removal.");  Utrue, Inc. v. Page One

Science, Inc., 457 F. Supp. 2d 688, 690 (E.D. Va. 2006) (counterclaim may not serve as the basis

to remove on federal question grounds);  Redevelopment Agency of San Bernardino v. Alvarez,

288 F. Supp. 2d 1112, 1115 (C.D. Cal. 2003) ("For both removal and original jurisdiction, the

federal question must be presented by the plaintiff's complaint as it stands at the time of removal.

---

[8] This Court notes that each of these cases were decided before Holmes Group.

15

Removal, therefore, cannot be based on a counterclaim or cross-claim raising a federal question."). This authority reasons that the "well-pleaded complaint" rule requires federal question jurisdiction be established squarely within the four corners of the plaintiff's complaint for removal purposes.  This Court reasons that such an application of the "well-pleaded complaint" rule is sound.

Here, the complaint details an employment retaliation suit against UMDNJ arising under CEPA, but includes claims for slander, intentional infliction of emotional distress, and  tortious interference with prospective economic advantage against Esrig based on state common law. There is no dispute that on its face Plaintiff's complaint raises no federal question under the "well-pleaded complaint" rule.  Rather, UMDNJ urges this Court to find that the basis for "arising under" jurisdiction is Esrig's federal cross-claim asserting a constitutional violation. Yet, as the Supreme Court has cautioned, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."  Merrell Dow, 478 U.S. at 813-14.

This Court is guided by Holmes Group's explanation for declining to "transform the long-standing well-pleaded-complaint rule into the 'well-pleaded-complaint-or-*counterclaim* rule.'" 535 U.S. at 832.  As such, this Court finds that Holmes Group's holding applies with equal force to prohibit an expansive reading of section 1441 – a reading that would allow a cross-claim to confer federal-question jurisdiction on this Court.

Equally compelling are the majority of circuit and district courts that have narrowly interpreted the text of § 1441, and thus, have concluded that third party complaints and cross-claims cannot be the basis for removal.  See, e.g., First Nat'l Bank of Pulaski, 301 F.3d at 465;

Lewis, 926 F.2d at 733;  Monmouth-Ocean Collection Serv., 46 F. Supp. 2d at 388-89; Lawyers

Title Ins. Corp., 600 F. Supp. at 404-05.  Indeed it would be curious if the Supreme Court's

jurisprudence were to allow the suggested exceptions to the "well-pleaded complaint" rule.  In

such a circumstance pleadings other than the plaintiff's would be determining the locale of

lawsuits.  At times those determinations may be influenced by factors other than the merits of the

plaintiff's assertions.  In the context of third-party claims, the Eighth Circuit astutely observed in

Lewis, that a party's attempt to remove a suit, pursuant to § 1441(c), based on a federal third-

party claim "is too much akin to the tail wagging the dog."  Lewis, 926 F.2d at 732.  Such a

result cannot occur.

UMDNJ fails to demonstrate that this action "arises under" federal law for purposes of

subject matter jurisdiction under 28 U.S.C. § 1331.  Therefore, absent a basis to confer subject

matter jurisdiction, UMDNJ improperly removed the case under 28 U.S.C. § 1441(a)-(c).  See

OSI Educ. Servs., Inc. v. Albert, 07-3508, 2007 WL 3511884, at * 3 n.4 (D. Minn. Nov. 13, 2007)

(relying on Holmes Group in finding that neither counterclaims nor third-party claims may serve

as the basis for removal);  CIT Group/Consumer Fin., Inc. v. Zimmerman, No. 07-1917, 2007

WL 4365679, at *1 (D. Colo. Dec. 11, 2007) (applying rationale of Holmes Group to conclude

that defendant cannot remove case to federal court based on cross-claim).

### III.  CONCLUSION

For the reasons set forth above, this Court concludes that UMDNJ, a cross-claimant, may

not properly remove this case under section 1441, and this Court lacks subject matter

jurisdiction.  This civil action is remanded to the Superior Court of New Jersey, Law Division,

Essex County, pursuant to 28 U.S.C. § 1447(c).  Based upon the foregoing discussion, Plaintiff

Douglas Palmer's Motion to Remand only his claims, (Docket Entry No. 5), will be granted, and this Court will remand <u>sua</u> <u>sponte</u> the entire civil action.[9]

       <u>S/Joseph A. Greenaway, Jr.</u>
       JOSEPH A. GREENAWAY, JR., U.S.D.J.

Date: March 27, 2009

---

[9] Under 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The Supreme Court has cautioned that "subject-matter delineations must be policed by the courts on their own initiative even at the highest level." <u>Ruhrgas AG v. Marathon Oil Co.</u>, 526 U.S. 574, 583 (1999).

18